IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § |
| | § CASE NUMBER 6:18-CR-00034-JCB-JDL |
| FLORENCIO CAMPOS JR., | § |
| | § |
| Defendant. | § |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

On December 16, 2021, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Florenico Campos. The government was represented by Ryan Locker, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Greg Waldron.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of less than 500 Grams of Cocaine, a Class C felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 23 and a criminal history category of III, was 57 to 71 months. On September 26, 2019, District Judge Robert W. Schroeder sentenced Defendant to 36 months imprisonment followed by three years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and mental health treatment. On December 11, 2020, Defendant completed his term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to not commit another federal, state, or local crime. In Allegation 1 of its petition, the government alleges Defendant violated the conditions of his supervised release when he was arrested for the offense of Driving While Intoxicated and when he was arrested on new federal charges for Conspiracy to Distribute

1

and Possess with Intent to Distribute Cocaine and other controlled substances and Possession with Intent to Distribute and Distribution of Cocaine, Aiding and Abetting. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by being arrested for the offense of Driving While Intoxicated, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a). If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by being arrested for new federal charges for Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and other controlled substances and Possession with Intent to Distribute and Distribution of Cocaine, Aiding and Abetting, Defendant will have committed a Grade A violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade A or B violation, the court shall revoke the term of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade A violation is 18 to 24 months. U.S.S.G. § 7B1.4(a).

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance and had to submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. In Allegation 2 of its petition, the government alleges Defendant violated the conditions of his supervised release when he submitted a urine specimen which tested positive for cocaine. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by submitting a urine specimen which tests positive for cocaine, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the

court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a).

Under the terms of supervised release, Defendant was required to not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or probation officer. In Allegation 3 of its petition, the government alleges Defendant violated the conditions of his supervised release when he was arrested in Mesquite, Texas, which is in the Northern District of Texas. The government alleges that Mr. Campos travelled there without prior permission from the court or the probation officer. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by travelling outside the judicial district without permission from the probation officer, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a).

"Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b). Thus, should Defendant plead true to the all of the allegations in the petition, the relevant range of punishment would be 18 to 24 months (Grade A violation with a criminal history category of III).

At the hearing, the parties indicated that pursuant to a Rule 11 (c) (1) (c) plea agreement in 6:21-cr-26 Defendant would plead true to violating the conditions of supervision as alleged in the

government's petition and be sentenced to a term of imprisonments of 24 months to run consecutively to the sentence imposed in 6:21-cr-26.

The court therefore **RECOMMENDS** that Defendant Florencio Campos' plea of true be accepted and he be sentenced to a term of 24 months' imprisonment to run consecutively with the sentence imposed in Cause No. 6:21-cr-26.

**So ORDERED and SIGNED this 21st day of December, 2021.**

*[signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE